```
              IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| LATCHMIE TOOLASPRASHAD, | |
| Plaintiff, | HON. JEROME B. SIMANDLE |
| v. | Civil No. 02-5473 (JBS) |
| ROBERT WRIGHT, et al., | **MEMORANDUM OPINION** |
| Defendants. | |

  Two motions by Plaintiff are currently pending before the Court: a Motion to Amend the Complaint [Docket Item 193] and a Motion to Reopen the Case [Docket Item 202]. For the following reasons, the Court will deny the motion to amend, terminate the motion to reopen, and direct the Clerk to close this case:

  1. Plaintiff Latchmie Toolasprashad filed this action in November 2002 under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), alleging that Defendants, all present or former employees of the Federal Bureau of Prisons at the Federal Correctional Institution at Fort Dix, New Jersey ("FCI Fort Dix"), violated Plaintiff's constitutional rights.

  2. Plaintiff is an inmate presently serving a life sentence at FCI Fort Dix. As early as April 1, 2002, Plaintiff was an inmate worker in the commissary on the west side of FCI Fort Dix. According to the Complaint, while Plaintiff was working in the commissary, three of his supervisors, Defendants

Wright, Kneiblher and Cremer, harassed and threatened him without cause. (Compl. at. ¶ 2.) In particular, Plaintiff alleges Defendants denied him access to the commissary restroom and water fountain. Plaintiff also claims that no chairs were made available to him while working in the commissary, despite a medical condition preventing him from standing continuously. (Compl. at ¶ 40-42.) Additionally, Plaintiff alleges that around April 29, 2002, he was removed from his position at the commissary, along with three other inmates, in retaliation for his complaints. (Compl. at 34.)

3. Plaintiff submitted his Complaint on November 14, 2002, and it was partially dismissed and otherwise permitted to go forward past initial screening under 28 U.S.C. § 1915 by Opinion and Order filed June 4, 2003. Defendants subsequently moved for summary judgment on April 20, 2005, seeking dismissal of the Complaint in its entirety. By Opinion and Order dated December 22, 2005, this Court granted Defendants' motion. Defendants filed a motion for reconsideration on January 9, 2006, seeking to clarify the basis for this dismissal, and Plaintiff filed a reconsideration motion on January 11, 2006.

4. Pursuant to the Court's August 8, 2006 Opinion and Order, the Court granted in part and denied in part the parties' motions for reconsideration and dismissed all claims with prejudice. The case was not closed, however, because Plaintiff's

motion to supplement the Complaint with allegations of conduct that occurred after the commencement of the action [Docket Item 193] was still pending. The Court shall now address that motion.

5. Plaintiff's present motion to add four defendants [Docket Item 193] was not filed until July 5, 2006, which was seven months after summary judgment had been entered on December 23, 2005. Because Plaintiff seeks to add allegations of events that occurred after he filed his initial Complaint, this motion is actually a motion to supplement a pleading pursuant to Fed. R. Civ. P. 15(d). See Hassoun v. Cimmino, 126 F. Supp. 2d 353, 359-60 (D.N.J. 2000) ("Although styled as a motion to amend the Complaint, the bulk of Plaintiffs' proposed amendments concerns acts that occurred subsequent to the filing of the initial Complaint. As such, Plaintiffs' motion to incorporate those claims into this matter should have been brought as a motion to supplement the Complaint under Federal Rule of Civil Procedure 15(d).")

6. Rule 15(d) provides:

> Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. Permission may be granted even though the original pleading is defective in its statements of a claim for relief or defense. If the court deems it advisable that the adverse party plead to the

>supplemental pleading, it shall so order, specifying the time therefor.

7. The Court has broad discretion in deciding motions under Rule 15(d). Fed. R. Civ. P. advisory committee's note (1963). "The purpose of subdivision (d) is to promote as complete an adjudication of the dispute between the parties as possible." 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil § 1504 at 177 (3d ed. 1998); see also. While courts generally permit the addition of new parties when "necessary," Griffin v. County School Bd., 377 U.S. 218, 227 (1964), there is no such necessity when all claims – new and old – fail to state a basis for relief. "Leave to file a supplemental complaint should be freely permitted in the absence of undue delay, bad faith, dilatory tactics, undue prejudice to defendants, or futility, and when the supplemental facts are connected to the original pleading." Hassoun, 126 F. Supp. 2d at 361.[1]

---

[1] The Court notes that Plaintiff has filed three other motions to amend the Complaint, two of which the Court granted and one that Plaintiff withdrew after the parties had briefed the issue. Plaintiff did not file the present motion to amend until approximately seven months after the Court had decided Defendants' motion for summary judgment in their favor and ordered the case closed, which was also approximately six months after Plaintiff filed his motion for reconsideration of that Opinion and Order. Clearly this is a case in which Plaintiff has received numerous opportunities to amend his Complaint in the three-plus years his case was pending.

8.   In his proposed supplemental pleading, Plaintiff seeks to add new claims against new defendants.  Although the proposed supplementation is not crystal-clear, it appears that Plaintiff alleges the new defendants are prison officials who were involved in the originally-alleged conspiracy to deprive him of his constitutional rights through their inadequate investigation of his claims or their failure to supervise the investigation.  Plaintiff alleges he learned of this conduct, which allegedly included falsification of documents, during discovery.

9.   The Court will exercise its discretion to deny Plaintiff's motion to supplement the Complaint because the supplemental pleading would be futile.  As the Court has explained in two prior opinions, Plaintiff has established no underlying constitutional violation and therefore cannot make a claim for conspiracy.  Thus, any newly-alleged participation in such a conspiracy by the proposed defendants would not state a claim on which relief may be granted.

10.  Furthermore, permitting Plaintiff's supplemental pleading would not promote the purposes of Rule 15(d) because the prior claims between the parties have been dismissed and Plaintiff seeks only to add futile allegations against new defendants.  Therefore, this proposed supplementation is not "necessary" to the full adjudication of any matter before the Court and would not promote judicial efficiency.  Furthermore,

Plaintiff unduly delayed in seeking to join new parties after the case was over, based upon information he says he received during the discovery phase of this case; such conduct is dilatory.  For all these reasons, the Court shall deny the motion to supplement the Complaint with new claims against new parties.

    11.  As for the motion to reopen the case, the Court notes that the matter was not closed upon the docket at the time Plaintiff filed this motion, nor is it closed presently.  From that perspective, the motion appears to be moot.

    12.  However, this motion may be an attempt to ask for reconsideration of a decision by the Court of Appeals for the Third Circuit, which dismissed Plaintiff's appeal from this Court's decisions for failure to prosecute.  [Docket Item 201.][2]  Therefore, even if the motion was not moot because it was directed at the Court of Appeals' dismissal, it would be improper.  In other words, if Plaintiff meant to ask this Court to review the dismissal of his appeal, the motion would fail because this Court has no authority to pass upon the decisions and rulings of the Court of Appeals.

---

[2] Plaintiff appealed from the December 22, 2005 final order, as from the Order that denied Plaintiff's motion for reconsideration on August 8, 2006, by notice of appeal filed August 15, 2006. [Docket Item 199.]  That appeal was dismissed by the Court of Appeals in its Order dated November 9, 2006, due to Plaintiff's failure to prosecute his appeal.

13.  Therefore, the Court will terminate the motion to reopen the case.  Although a final order had been entered, this case was not closed when reconsideration was denied due to the pendency of Plaintiff's belated motion to amend [Docket Item 193], which has now been denied.

14.  Finally, there are no other matters pending on the docket and all claims against all parties have previously been dismissed with prejudice.  Therefore, the Court will enter an Order closing the case.

**January 8, 2007**                              **s/ Jerome B. Simandle**
Date                                             Jerome B. Simandle
                                                 U.S. District Judge